*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-393

MARCH TERM, 2011

| | | |
|---|---|---|
| Tyrone Byrd | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Civil Division |
| | } | |
| Andrew Pallito, Bob E. Arkley, | } | DOCKET NO. 423-6-09 Wncv |
| Jonathan Bruce and Department of | } | |
| Corrections | } | |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Plaintiff inmate appeals the superior court's order granting the Vermont Department of Corrections summary judgment with respect to plaintiff's V.R.C.P. 75 action challenging a disciplinary violation found by the Department. We affirm.

On March 29, 2009, plaintiff was issued a disciplinary report for fighting where bodily injury is attempted or carried out. A due process hearing was held on April 2, 2009. The Department submitted the March 29 disciplinary report, staff reports from several correctional officers, an investigation report from another officer, and two confidential informant forms. Plaintiff testified on his own behalf. Following the hearing, the hearing officer concluded that plaintiff was guilty of the charged infraction and ordered that he be placed in disciplinary segregation for twenty-four days. On administrative review, the superintendent upheld the hearing officer's conclusion. Defendant filed a Rule 75 action to the civil division of the superior court, which granted summary judgment to the Department, concluding that the body of evidence presented against plaintiff met the relaxed standard in prison disciplinary cases.

Plaintiff appeals to this Court, arguing that the hearing officer denied him due process by not conducting an independent assessment of the reliability of the confidential informants, by failing to disclose the substance of the statements of the two confidential witnesses, and by refusing to accept into evidence the testimony or written statement of the inmate allegedly injured by plaintiff. He also argues that the trial court erred in concluding that the evidence supported the disciplinary report.

Regarding the first two claims of error, plaintiff relies primarily upon Herring v. Gorczyk, 173 Vt. 240, 241 (2001), in which we affirmed the trial court's order granting summary judgment in favor of the plaintiff inmate based upon our conclusion that "plaintiff's due process rights at the disciplinary hearing were violated by the hearing officer's reliance on statements of confidential informants without any independent assessment of the informants' credibility." In Herring, we set forth a nonexclusive list of four ways to establish the reliability of a confidential informant:

(1) by oath of the investigating officer as to the truth of the report containing information and his appearance before the disciplinary committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of their past record of reliability; or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential informant.

Id. at 243-44. We upheld summary judgment in favor of plaintiff in Herring because: (1) the disciplinary report was based "solely" on the summaries of confidential informant statements contained in unsworn reports, id. at 241; (2) the multiple confidential informant statements in unsworn reports could not corroborate each other, id. at 243; (3) the investigating officer's statement did not indicate that he considered the confidential informants to be reliable, id. at 244; and (4) the hearing officer made no finding as to the reliability of the statements, id at 247. Because the Department's entire case was based on the statements of the confidential informants, there was "no evidence" to support a disciplinary violation absent "an independent finding of confidential informant reliability." Id. at 248.

This case is very different. Here, the disciplinary report did not depend solely on confidential informant statements. In addition to statements by two confidential informants, the record contained a sworn statement from the investigating officer detailing the evidence against plaintiff. That evidence included a statement from an officer who had observed plaintiff and the injured inmate in the back of the prison kitchen talking together at 10:00 a.m. and again at 10:10 a.m. before the latter inmate emerged five minutes later from the back of the kitchen and told the officer that he needed to be treated for a nose bleed. Plaintiff himself acknowledged that he and the injured inmate had been working together during the time period reported by the officer. The hearing officer also reviewed the statements of two confidential informants presented in the investigating officer's sworn affidavit. Both statements indicated that the two inmates had been involved in a verbal confrontation in the same area two days earlier. Plaintiff himself acknowledged that the two had exchanged words at that time, although he claimed that there had been no dispute. A report by an officer who observed the injured inmate shortly after the incident stated that another identified inmate told him that plaintiff had punched the injured inmate three times in the face. That inmate later provided a written statement indicating that he had heard only rumors on the yard that plaintiff had punched the injured inmate.

Even excluding the confidential informant statements and assuming that there were no eyewitnesses to the fight itself, the evidence was more than sufficient to satisfy the "extremely tolerant" standard for upholding prison disciplinary violations. Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). "On judicial review of the sufficiency of evidence at a prison disciplinary hearing, the hearing officer's final determination must be upheld if it is supported by 'some evidence' in the record." Herring, 173 Vt. at 243. "To determine whether the 'some evidence' standard is met, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. (quotations omitted). This standard is satisfied here by evidence that, within a very brief time frame, the injured inmate emerged from a conversation with plaintiff with injuries requiring that he be taken to the hospital.

Finally, we find unavailing plaintiff's claim that he was entitled to have either the testimony or a written statement of the injured inmate admitted into evidence. "The due process protections afforded a prison inmate do not equate to the full panoply of rights due to a defendant

2

in a criminal prosecution." <u>Sira</u>, 380 F.3d at 69 (quotations omitted). "Notably, there is no right to counsel or to confrontation at prison disciplinary hearings." <u>Id</u>. Given the potential for intimidation of witnesses in a prison setting and the particular circumstances of this case, the hearing officer did not abuse his discretion in refusing to admit the injured inmate's testimony or statement.

       <u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice